Curia, per

Frost, J.
The objection chiefly urged against the instructions of the circuit Judge, affects the construction of the agreement to pay the larger sum expressed in the note, “ if cotton should rise ,to eight cents by the first of November next.” It appeared, by admissions at the trial, that the defendant was treating with the plaintiff for the purchase of a tract of land ; and declining to give the price which the plaintiff asked, it was agreed that the defendant should paya certain sum if cotton advanced, or less if it did not. The defendant insists that the import of the agreement is, that cotton should rise to eight cents “at or near” the first of November. The various significations to which the necessities of language have applied this and other propositions, would render any construction of the agreement, based on a critical analysis of its meaning, very unsatisfactory. But it may be observed that by, in its primitive .sense, expresses relation to place ; though by various remote and obscure analogies and casual associations, that meaning is variously modified. In relation to place, it clearly does signify “ at or near,” but its import is more indefinite when used to express the relation of time. In this application it signifies “on or before.” Many examples of this sense readily occur. If a contract were made for the delivery of an article, or the completion of work, by a particular time, to be paid for on completion, or delivery, a claim for the price would accrue on performance, whenever that might be — for the agreement provides for a performance and payment before the appointed time, but leaves the time of performance wholly indefinite. It would be more difficult to derive an example of the defendant’s construction from the transactions of life. The popular signification of words, that which use has made familiar in the affairs of men, must be adopted in giving construction and effect to their contracts.
The objection to the agreement that it is a wager, is *101 plainly inapplicable; for the parties had an interest in the contingency. The defendant purchased the land at the lowest price, unconditionally, but contracted to pay a larger sum, if the value should be enhanced by the increased value of its product.
The motion is dismissed.
Richardson,-*0’Neall, Evans, Butler and Ward-law, JJ. concurred.